Per curiam.

The only question here, is, whether the defendant held five years possession under an adverse title. There can be no doubt but that he had possession a sufficient length oftime, under the limitation act of 1712, P. L. 101, to give him a title against all the world, unless it should appear that his possession was concurrent, and consistent with, and not adverse to, the title of the plaintiff. But the plaintiff concedes the point, by contending that such possession ■was deceptive and fraudulent, which it could not have been, if it had been agreeably to the plaintiff’s title, and not in opposition to it. It is very probable, that the plaintiff was put off his guard by the conduct of the defendant; that the defendant knew the plaintiff’s title was better than Kidd’s ; and, finally, that the defendant intended to take advantage of the plaintiff’s being at a distance, and his supineness, to acquire a title by possession, which should defeat his title. But if all this is admitted, it will not vitiate the title so acquired. There are many ways by which a legal right may be acquired, which in foro conscientice could not be supported. There are many ways of overreaching, and taking advantage of another, that the law has not provided against- The advantage taken of the plaintiff in the present case, may furnish an instance. The law favors the vigilant and careful, and not the supine and negligent. If the plaintiff has lain dormant, and suffered another to amuse and de. ceive him, without taking due care, and using common industry to avoid the snare laid for him, he must suffer the consequence. Ths l.aw will not now relieve him.
Motion refused.